UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT L. BARAN,

            **Plaintiff,**

vs.                                                        **AMENDED COMPLAINT**

FORD MOTOR COMPANY,                       CV No: 1:12-cv-0937
                                                                                   NAM/CFH

            **Defendant.**
_____

Plaintiff, Robert L. Baran, by and through his attorneys, Powers & Santola, LLP, as and for a Complaint against the defendant, Ford Motor Company, alleges that at all times hereinafter mentioned:

## JURISDICTION AND VENUE

1.     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

2.     The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3.     Plaintiff is a citizen of the State of New York.

4.     Upon information and belief, defendant, Ford Motor Company, is and was a corporation organized and existing by virtue of the laws of the State of Delaware.

5.     Upon information and belief, the principal place of business of the defendant, Ford Motor Company, is located at One American Road, Dearborn, Michigan 48126.

6.     One or more of the exceptions set forth in CPLR §1602 applies to this action or claim for damages, including, but not limited to, the exception set forth in CPLR §1602 (2).

**FACTUAL ALLEGATIONS**

7. The incident complained of herein occurred on October 21, 2010, at approximately 9:19 p.m., on Route 9 South, near its intersection with Driscoll Road, in the City of Saratoga Springs, County of Saratoga, State of New York.

8. Route 9 South, near its intersection with Driscoll Road, in the City of Saratoga Springs, County of Saratoga, State of New York, is and was at all times a public highway.

9. Plaintiff, Robert L. Baran, was the operator of a certain 2002 Ford Explorer bearing New York State Registration Plate No. BVC3758.

10. On October 21, 2010, at approximately 9:19 p.m., Robert L. Baran was using the 2002 Ford Explorer for its intended or reasonably foreseeable purpose.

11. On the aforesaid date and time, the plaintiff, Robert L. Baran, was the operator of a 2002 Ford Explorer going north on Route 9, when a pedestrian suddenly ran into the path of plaintiff's Ford Explorer, forcing plaintiff to take evasive action which ultimately resulted in the motor vehicle leaving the roadway and to rollover.

12. As a consequence of the rollover, the Ford Explorer's roof crushed down upon the plaintiff causing massive injuries to his head, neck, spine and other parts of his body.

13. The defendant, Ford Motor Company, is in the business of distributing and selling 2002 Ford Explorer.

14. Upon information and belief, the defendant, Ford Motor Company, designed the 2002 Ford Explorer.

15. Upon information and belief, the defendant, Ford Motor Company, manufactured the 2002 Ford Explorer.

16. Upon information and belief, the defendant, Ford Motor Company, distributed the 2002 Ford Explorer.

17. Upon information and belief, defendant, Ford Motor Company, distributed and/or sold the 2002 Ford Explorer to a dealership in Canada prior to plaintiff Robert L. Baran's purchase of the vehicle.

18. Upon information and belief, defendant, Ford Motor Company, distributed and/or sold the 2002 Ford Explorer to New Country Ford located on the Northway Exit 15 in Saratoga Springs, New York, prior to plaintiff Robert L. Baran's purchase of the vehicle.

19. Upon information and belief, the dealership in Canada sold the 2002 Ford Explorer to New Country Ford located on the Northway Exit 15 in Saratoga Springs, New York.

20. Upon information and belief, plaintiff, Robert L. Baran, purchased the 2002 Ford Explorer from New Country Ford located on the Northway Exit 15 in Saratoga Springs, New York, towards the end of 2002.

21. As a result of the rollover and roof crush of plaintiff's 2002 Ford Explorer, plaintiff has suffered permanent personal injuries, pain and suffering, and the damages resulting therefrom.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" above with the same force and effect as if more fully set forth herein and further alleges that:

23. The 2002 Ford Explorer was defective in that it was not reasonably safe and was unduly dangerous for its intended use.

24. Upon information and belief, the 2002 Ford Explorer was defectively unstable and prone to rollover due to its overly narrow track width and high center of gravity.

25. Upon information and belief, the 2002 Ford Explorer was not crashworthy due to a defect in the roof.

26. Upon information and belief, the 2002 Ford Explorer's roof is inadequately supported and defectively weak.

27. Upon information and belief, there was an alternative design that would have made the 2002 Ford Explorer safer.

28. Upon information and belief, this alternative design was feasible, cost effective, and known to the defendant that if it had been employed would have prevented the plaintiff's injuries and damages.

29. The defect existed when the 2002 Ford Explorer left the hands of the manufacturer.

30. The defect existed at the time the 2002 Ford Explorer was marketed.

31. The defect existed at the time the 2002 Ford Explorer was distributed and/or sold to the dealership in Canada or New Country Ford.

32. The defect was a substantial factor in causing the injuries sustained by plaintiff, Robert L. Baran.

33. By reason of the facts aforesaid, plaintiff, Robert L. Baran, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

34. Plaintiff repeats each and every allegation contained in paragraphs of this complaint marked and designated "1" through "21" and "23" through "32" and further alleges that:

35. The defendant, Ford Motor Company, negligently designed and/or manufactured the 2002 Ford Explorer.

36. Upon information and belief, the 2002 Ford Explorer was defectively unstable and prone to rollover due to its overly narrow track width and high center of gravity.

37. Upon information and belief, the 2002 Ford Explorer was not crashworthy due to a defect in the roof.

38. Upon information and belief, the 2002 Ford Explorer's roof is inadequately supported and defectively weak.

39. Upon information and belief, there was an alternative design that would have made the 2002 Ford Explorer safer.

40. Upon information and belief, this alternative design was feasible, cost effective, and known to the defendant that if it had been employed would have prevented the plaintiff's injuries and damages.

41. The negligence of the defendant in designing and/or manufacturing the 2002 Ford Explorer was a substantial factor in causing the injuries sustained by plaintiff, Robert L. Baran.

42. The aforesaid acts of the defendant occurred by reason of the defendant's willful and intentional conduct. The aforesaid conduct of the defendant was so reckless and wantonly negligent as to be the equivalent of a conscious disregard of the rights of others.

43. Defendant knew or should have known of the dangerous propensity of the 2002 Ford Explorer to rollover and cause harm to the operator while being used for its intended purpose and in a reasonably foreseeable manner.

44. Defendant knew or should have known that the 2002 Ford Explorer is defectively unstable and prone to rollover and that the vehicle's roof is inadequately supported and defectively weak.

45. Despite the aforesaid, defendant deliberately, willfully, maliciously, wantonly, and/or recklessly withheld such information from the American public; failed to correct the defect in the 2002 Ford Explorer by making it stable and by adequately supporting its roof; failed to give adequate warnings before the time of sale; failed to make the vehicle crashworthy for foreseeable rollover accidents; failed to adequately warn its dealers, buyers and users that the vehicle was unstable and prone to rollover and that its roof was defective.

46. Said willful, wanton, malicious, reckless and deliberate conduct evidence a conscious disregard for the safety of consumers, including plaintiff, Robert L. Baran, and was a direct and proximate cause of substantial damage to plaintiff.

47. By reason of the facts aforesaid, plaintiff, Robert L. Baran, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

48. Plaintiff repeats each and every allegation contained in the paragraphs of this complaint marked and designated "1" through "21", "23" through "32" and "35" through "46" and further allege:

49. Defendant, Ford Motor Company, knew, or should have known, of the existence of latent dangers associated with the foreseeable use of the 2002 Ford Explorer.

50. The defendant, Ford Motor Company, had a duty to warn dealers, buyers and users of the latent dangers associated with the 2002 Ford Explorer.

51. The defendant, Ford Motor Company, failed to warn dealers, buyers and users of the latent dangers associated with the foreseeable uses of the 2002 Ford Explorer.

52. The defendant's failure to warn against such latent defects was a substantial factor in causing the injuries sustained by plaintiff, Robert L. Baran.

53. By reason of the facts aforesaid, plaintiff, Robert L. Baran, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

54. Plaintiff repeats each and every allegation contained in the paragraphs of this complaint marked and designated "1" through "21", "23" through "32", "35" through "46" and "49" through "52" and further allege that:

55. In manufacturing, distributing and selling the 2002 Ford Explorer, the defendant warranted that the 2002 Ford Explorer was reasonably fit for the ordinary purposes for which it was to be used.

56. The 2002 Ford Explorer was not fit for the ordinary purposes for which it was to be used.

57. The defendant breached their warranty in the manufacture, distribution and sale of the 2002 Ford Explorer.

58. The defendant's breach of warranty in the manufacture, distribution and sale of the 2002 Ford Explorer was a substantial factor in causing the injuries sustained by plaintiff, Robert L. Baran.

59. By reason of the facts aforesaid, plaintiff, Robert L. Baran, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the defendants:

A. On the First Cause of Action, for a sum of money having a present day value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

B. On the Second Cause of Action, for a sum of money having a present day value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

C. On the Third Cause of Action, for a sum of money having a present day value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

D. On the Fourth Cause of Action, for a sum of money having a present day value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

E. Punitive Damages in an amount that is reasonable and proportionate to the harm sustained, based on a multiplier of compensatory damages within controlling legal precedent existing at the time of trial;

F. Together with the costs and disbursements of this action.

Dated: November 27, 2012

_____
Daniel R. Santola, Esq.
USDC NDNY Bar Roll # 505852
dsantola@powers-santola.com
POWERS & SANTOLA, LLP
Attorneys for Plaintiff
Office and P.O. Address
39 N. Pearl St., 6th Floor
Albany, New York 12207-2785
(518) 465-5995